# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
CASE NO.

CHANEL, INC.,

      Plaintiff,

vs.

21468399; 21885702; 21815099; 21933627; 21750241;
21944578; 21844500; 21855691; 21860802; 21844668;
21924270; 21924269; 21942347; 21635113; 21946616;
21674477; 21819060; 21844504; 21946238; 21927535;
21921846; 21866122; 21934431; 21932953; 21888718;
21906116; 21931275; 21931328; 21931331; 21844674;
21750696; 21937296; 21935279; 21897014; 21944182;
21911771; 21911773; 21911777; 21929857; 21912416;
21819197; 13924555; 21917367; 21929859; 21800522;
21934020; 21903146; 21920927; 21903998; 21898896;
21898911; 21898913; 21949846; 21884082; 13823543;
21692985; 21923517; 21873312; 21860803; 21917694;
21100262; 21634721; 21281735; 21743303; 21908402;
21954877; 21921784; 21944803; 21943754; 21943756;
21810339; 21820478; 21889205; 21902793; 21885395;
21912514; 21875287; 21887093; 21941268; 21931397;
21906401; 21931068; 21844663; 21953731; 21940977;
21941149; 21905522; 21930663; 21934109; 21925249;
21819667; 21904690; 19890418; 21921737; 21800663;
21226206; 21911378; 21851312; 21915556; 21915309;
21943785; and 21937360, Each an Individual, Business
Entity, or Unincorporated Association,

      Defendants.

_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff, Chanel, Inc. ("Plaintiff" or "Chanel"), hereby sues Defendants, the Individuals,

Business Entities, and Unincorporated Associations identified in the caption above and set forth

on Schedule "A" hereto (collectively "Defendants"). Defendants are promoting, selling, offering

for sale, and/or distributing goods bearing and/or using counterfeits and confusingly similar

imitations of Chanel's trademarks within this district through various Internet based e-commerce

stores operating on the DHgate.com platform under the store identification numbers set forth on Schedule "A" (the "Store IDs"). In support of its claims, Chanel alleges as follows:

## JURISDICTION AND VENUE

1.     This is an action for damages and injunctive relief for federal trademark counterfeiting and infringement, false designation of origin, common law unfair competition, and common law trademark infringement pursuant to 15 U.S.C. §§ 1114, 1116, and 1125(a), The All Writs Act, 28 U.S.C. § 1651(a), and Florida's common law. Accordingly, this Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Chanel's state law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

2.     Defendants are subject to personal jurisdiction in this district, because they direct business activities toward and conduct business with consumers throughout the United States, including within the State of Florida and this district through, at least, e-commerce stores accessible and doing business in Florida and operating under the Store IDs. Alternatively, based on their overall contacts with the United States, Defendants are subject to personal jurisdiction in this district pursuant to Federal Rule of Civil Procedure 4(k)(2) because (i) Defendants are not subject to jurisdiction in any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

3.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since Defendants are, upon information and belief, non-resident in the United States and engaged in infringing activities and causing harm within this district by advertising, offering to sell, selling, and/or shipping infringing products into this district.

## THE PLAINTIFF

4.      Chanel is a corporation organized under the laws of the State of New York with its principal place of business in the United States located at Nine West 57th Street, New York, New York 10019. Chanel operates boutiques throughout the world, including within this district.  Chanel is, in part, engaged in the business of manufacturing and distributing throughout the world, including within this district, a variety of high-quality goods under multiple world-famous common law and federally registered trademarks, including those identified in Paragraph 17 below. Chanel offers for sale and sells its trademarked goods within the State of Florida, including this district, and throughout the United States. Defendants, through the sale and offer to sell counterfeit and infringing Chanel branded products, are directly and unfairly competing with Chanel's economic interests in the United States, including within the State of Florida, and causing Chanel irreparable harm and damage within this jurisdiction.

5.      Like many other famous trademark owners, Chanel suffers ongoing daily and sustained violations of its trademark rights at the hands of counterfeiters and infringers, such as Defendants herein, who wrongfully reproduce and counterfeit Chanel's trademarks for the twin purposes of (i) duping and confusing the consuming public and (ii) earning substantial profits across their e-commerce stores and websites. The natural and intended byproduct of Defendants' combined actions is the erosion and destruction of the goodwill associated with the Chanel name and associated trademarks and the destruction of the legitimate market sector in which it operates.

6.      To combat the indivisible harm caused by the concurrent actions of Defendants and others engaging in similar conduct, each year Chanel expends significant resources in connection with trademark enforcement efforts, including legal fees, investigative fees, and support mechanisms for law enforcement, such as field training guides and seminars. The exponential

growth of counterfeiting over the Internet, including through online marketplace and social media platforms, has created an environment that requires Chanel to expend significant resources across a wide spectrum of efforts to protect both consumers and it from the confusion and the erosion of the goodwill connected to Chanel's brand.

## THE DEFENDANTS

7.      Defendants are individuals, business entities of unknown makeup, or unincorporated associations each of whom, upon information and belief, either reside and/or operate in foreign jurisdictions, redistribute products from the same or similar sources in those locations, and/or ship their goods from the same or similar sources in those locations to consumers as well as shipping and fulfillment centers, warehouses, and/or storage facilities within the United States to redistribute their products from those locations. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b). Defendants target their business activities toward consumers throughout the United States, including within this district, through the simultaneous operation of, at least, their commercial e-commerce stores under the Store IDs.

8.      Defendants use aliases in connection with the operation of their businesses, including but not limited to those identified by Defendant Number on Schedule "A."

9.      Defendants are the past and present controlling forces behind the sale of products bearing and/or using counterfeits and infringements of Chanel's trademarks as described herein.

10.     Defendants directly engage in unfair competition with Chanel by advertising, offering for sale, and/or selling goods each bearing and/or using counterfeits and infringements of one or more of Chanel's trademarks to consumers within the United States and this district through e-commerce stores using, at least, the Store IDs, as well as additional store identification numbers not yet known to Chanel. Defendants have purposefully directed some portion of their unlawful

activities towards consumers in the State of Florida through the advertisement, offer to sell, sale, and/or shipment of counterfeit and infringing Chanel-branded goods into the State.

11.     Additionally, Defendants 8-9, 19, 24-26, 32-34, 36-38, 43, 46, 48-50, 52-53, 56-57, 67-70, 76-78, 81, 86-87, 94, and 98, use various, virtually identical forms of the Chanel Marks in their respective Uniform Resource Locators ("URLs"), such as "Channel" to cause confusion among consumers and to falsely lead consumers to believe that the Defendants' e-commerce stores are legitimate stores associated with Chanel and selling Chanel's genuine goods.

12.     Defendants 1-2, 4-7, 10-13, 15, 17-21, 23-29, 31-39, 41, 43-53, 56-57, 59-60, 65-70, 72, 77, 80, 82, 84, 86-87, 89-91, 94-95, and 97-102 also use Chanel's proprietary model number 5436, in their URLs and/or product descriptions. This model number is well-known to consumers as being associated with genuine Chanel branded sunglasses that gained immense popularity in 2023 after being worn by Lily-Rose Depp in the HBO series, "The Idol." As such, this model number has acquired a secondary meaning whereby the public associates it with the single source that is Chanel. Using Chanel's unique model number to promote their products is a deliberate attempt by Defendants to falsely represent the source of their Counterfeit Goods and mislead consumers as to their association with Chanel.

13.     Defendants 1-102, with the intent to evade allegations of trademark infringement, also engage in the deliberate alteration, blurring, and/or obfuscation of Chanel's name and/or registered trademarks in Defendants' advertising. Specifically, Defendants obscure, modify, or intentionally distort the distinctive elements of the Chanel Marks to avoid detection by automated enforcement systems employed by Chanel to identify counterfeit sales. The actual products sold to consumers by Defendants bear the full Chanel Marks. Such actions are undertaken with full knowledge of the legal consequences associated with the unauthorized use of the Chanel Marks.

14.     Defendants have registered, established, or purchased, and maintained their Store IDs. Defendants may have engaged in fraudulent conduct with respect to the registration or maintenance of the Store IDs by providing false and/or misleading information to the relevant e-commerce platforms where they offer to sell and/or sell. Many Defendants have registered and/or maintained some of their Store IDs for the sole purpose of engaging in unlawful counterfeiting and infringing activities.

15.     Defendants will likely continue to register or acquire new alias store identification numbers or other aliases and related payment accounts for the purpose of selling and/or offering for sale goods bearing and/or using counterfeit and confusingly similar imitations of one or more of Chanel's trademarks unless permanently enjoined.

16.     Defendants' Store IDs, associated payment accounts, and any other alias e-commerce store names, store identification numbers, and seller identification names used in connection with the sale of counterfeit and infringing goods bearing and/or using one or more of Chanel's trademarks, are essential components of Defendants' online activities and are one of the means by which Defendants further their counterfeiting and infringement scheme and cause harm to Chanel. Moreover, Defendants are using Chanel's famous name and trademarks to drive consumer traffic to their e-commerce stores operating under the Store IDs, thereby increasing the value of the Store IDs and decreasing the size and value of Chanel's legitimate marketplace and intellectual property rights at Chanel's expense.

## COMMON FACTUAL ALLEGATIONS

### Plaintiff's Business and Trademark Rights

17.     Chanel is the owner of all rights in and to the following trademarks, which are valid and registered on the Principal Register of the United States Patent and Trademark Office (collectively, the "Chanel Marks"):

| Trademark | Registration Number | Registration Date | Classes/Goods |
|---|---|---|---|
|  | 3,025,936 | December 13, 2005 | IC 009 - Eyeglass frames, sunglasses.<br>IC 025 - Gloves, swimwear<br>IC 026 - Hair accessories, namely, barrettes |
| CHANEL | 3,134,695 | August 29, 2006 | IC 009 - Eyeglass frames, sunglasses, sunglass parts, cases for spectacles and sunglasses<br>IC 025 - swimwear, stockings<br>IC 026 - Hair accessories, namely, barrettes<br>IC 028 - Bags specially adopted for sports equipment, tennis rackets, tennis balls, tennis racket covers |

The Chanel Marks are used in connection with the manufacture and distribution of high-quality goods in the categories identified above. True and correct copies of the Certificates of Registration for the Chanel Marks are attached hereto as Composite Exhibit "1."

18.     The Chanel Marks have been used in interstate commerce to identify and distinguish Chanel's high-quality goods for an extended period.

19.     The Chanel Marks have been used in commerce by Chanel long prior in time to Defendants' use of copies of those Marks. The Chanel Marks have never been assigned or licensed to any of the Defendants in this matter.

20.     The Chanel Marks are symbols of Chanel's quality, reputation, and goodwill and have never been abandoned. Chanel has carefully monitored and policed the use of the Chanel Marks.

21.     The Chanel Marks are well-known and famous and have been for many years. Chanel expends substantial resources developing, advertising, and otherwise promoting the Chanel Marks.

22.     Further, Chanel extensively uses, advertises, and promotes the Chanel Marks in the United States in association with the sale of high-quality goods. Chanel expends substantial resources promoting the Chanel Marks and products bearing and/or using the Chanel Marks.

23.     As a result of Chanel's efforts, consumers readily identify merchandise bearing or sold using the Chanel Marks, as being high quality goods sponsored and approved by Chanel.

24.     Accordingly, the Chanel Marks have achieved secondary meaning among consumers as identifiers of high-quality goods.

25.     Genuine goods bearing and/or using the Chanel Marks are widely and legitimately advertised and promoted by Chanel, its authorized distributors, and unrelated third parties via the Internet. Visibility on the Internet, particularly via Internet search engines and social media platforms, is important to Chanel's overall marketing and consumer education efforts. Thus, Chanel expends significant monetary and other resources on Internet marketing and consumer education regarding its products, including search engine optimization ("SEO"), search engine marketing ("SEM"), and social media strategies. Those strategies allow Chanel and its authorized retailers to educate consumers fairly and legitimately about the value associated with the Chanel brand and the goods sold thereunder and the problems associated with the counterfeiting of Chanel's trademarks.

**Defendants' Infringing Activities**

26.     Defendants are each promoting and advertising, distributing, selling, and/or offering for sale goods in interstate commerce bearing and/or using counterfeit and confusingly similar imitations of one or more of the Chanel Marks (the "Counterfeit Goods") through at least the e-commerce stores under the Store IDs. In connection therewith, Defendants use the listing and associated images identified by the infringing product numbers on Schedule "A" annexed hereto. Specifically, Defendants are each using the Chanel Marks to initially attract online consumers and drive them to Defendants' e-commerce stores operating under the Store IDs. Defendants are each using identical copies of one or more of the Chanel Marks for different quality goods. Chanel used the Chanel Marks extensively and continuously before Defendants began offering counterfeit and confusingly similar imitations of Chanel's merchandise.

27.     Defendants' Counterfeit Goods are of a quality substantially different than that of Chanel's genuine goods. Defendants are actively using, promoting and otherwise advertising, distributing, selling, and/or offering for sale substantial quantities of their Counterfeit Goods with the knowledge and intent that such goods will be mistaken for the genuine high-quality goods offered for sale by Chanel despite Defendants' knowledge that they are without authority to use the Chanel Marks. Defendants' actions are likely to cause confusion of consumers at the time of initial interest, sale, and in the post-sale setting, who will believe all of Defendants' goods offered for sale in or through Defendants' e-commerce stores are genuine goods originating from, associated with, and/or approved by Chanel.

28.     Defendants advertise their e-commerce stores, including their Counterfeit Goods offered for sale, to the consuming public using at least the Store IDs and associated alias store

identification numbers. In so doing, Defendants improperly and unlawfully use one or more of the Chanel Marks without Chanel's permission.

29.     Defendants are concurrently employing and benefiting from substantially similar advertising and marketing strategies based, in large measure, upon an unauthorized use of counterfeits and infringements of one or more of the Chanel Marks. Specifically, Defendants are using counterfeits and infringements of Chanel's famous name and the Chanel Marks to make their e-commerce stores selling unauthorized goods appear more relevant and attractive to consumers searching for both Chanel and non-Chanel goods and information online. By their actions, Defendants are contributing to the creation and maintenance of an unlawful marketplace operating in parallel to the legitimate marketplace for Chanel's genuine goods. Defendants are causing, individual, concurrent, and indivisible harm to Chanel and the consuming public by (i) depriving Chanel and other third parties of their right to fairly compete for space online and within search engine results and reducing the visibility of Chanel's genuine goods on the World Wide Web, (ii) causing an overall degradation of the value of the goodwill associated with the Chanel Marks, and (iii) increasing Chanel's overall cost to market its goods and educate consumers about its brand via the Internet.

30.     Defendants are concurrently conducting and targeting their counterfeiting and infringing activities toward consumers and likely causing unified harm within this district and elsewhere throughout the United States.  As a result, Defendants are defrauding Chanel and the consuming public for Defendants' own benefit.

31.     At all times relevant hereto, Defendants in this action had full knowledge of Chanel's ownership of the Chanel Marks, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

32.     Defendants' use of the Chanel Marks, including the promotion and advertisement, reproduction, distribution, sale, and offering for sale of their Counterfeit Goods, is without Chanel's consent or authorization.

33.     Defendants are engaging in the above-described illegal counterfeiting and infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Chanel's rights for the purpose of trading on Chanel's goodwill and reputation. If Defendants' intentional counterfeiting and infringing activities are not permanently enjoined by this Court, Chanel and the consuming public will continue to be harmed.

34.     Defendants above identified infringing activities are likely to cause confusion, deception, and mistake in the minds of consumers before, during, and after the time of purchase. Moreover, Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public, and the trade into believing there is a connection or association between Chanel's genuine goods and Defendants' Counterfeit Goods, which there is not.

35.     Given the visibility of Defendants' various e-commerce stores and the similarity of their concurrent actions, it is clear Defendants are either affiliated, or at a minimum, cannot help but know of each other's existence and the unified harm likely to be caused to Chanel and the overall consumer market in which they operate because of Defendants' concurrent actions.

36.     Although some Defendants may be physically acting independently, they may properly be deemed to be acting in concert because the combined force of their actions serves to multiply the harm caused to Chanel.

37.     Defendants' associated e-commerce payment and financial accounts are being used by Defendants to accept, receive, and deposit profits from Defendants' trademark counterfeiting

and infringing, and unfairly competitive activities connected to their Store IDs and any other alias store identification numbers used and/or controlled by them.

38.     Further, Defendants are likely to transfer or secret their assets to avoid payment of any monetary judgment awarded to Chanel.

39.     Chanel has no adequate remedy at law.

40.     Chanel is suffering irreparable injury and has suffered substantial damages because of Defendants' unauthorized and wrongful use of the Chanel Marks. If Defendants' intentional counterfeiting, infringing, and unfairly competitive activities are not permanently enjoined by this Court, Chanel and the consuming public will continue to be harmed while Defendants wrongfully earn a substantial profit.

41.     The harm and damages sustained by Chanel has been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offers to sell, and sale of their Counterfeit Goods.

**COUNT I - TRADEMARK COUNTERFEITING AND INFRINGEMENT PURSUANT TO § 32 OF THE LANHAM ACT (15 U.S.C. § 1114)**

42.     Chanel hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 41 above.

43.     This is an action for trademark counterfeiting and infringement against Defendants based on their use of counterfeit and confusingly similar imitations of the Chanel Marks in commerce in connection with the promotion, advertisement, distribution, offering for sale, and/or sale of the Counterfeit Goods.

44.     Specifically, Defendants are promoting and otherwise advertising, selling, offering for sale, and distributing goods bearing and/or using counterfeits and/or infringements of one or more of the Chanel Marks. Defendants are continuously infringing and inducing others to infringe

the Chanel Marks by using one or more of them to advertise, promote, offer to sell, and/or sell counterfeit and infringing Chanel branded goods.

45.     Defendants' concurrent counterfeiting and infringing activities are likely to cause and are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods.

46.     Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages and irreparable harm to Chanel and are unjustly enriching Defendants with profits at Chanel's expense.

47.     Defendants' above-described unlawful actions constitute counterfeiting and infringement of the Chanel Marks in violation of Chanel's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

48.     Chanel has suffered and will continue to suffer irreparable injury and damages while Defendants are earning a substantial profit due to Defendants' above-described activities if Defendants are not permanently enjoined.

## COUNT II - FALSE DESIGNATION OF ORIGIN
## PURSUANT TO § 43(a) OF THE LANHAM ACT (15 U.S.C. § 1125(a))

49.     Chanel hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 41 above.

50.     Defendants' Counterfeit Goods bearing, offered for sale, and sold using copies of one or more of the Chanel Marks have been widely advertised and offered for sale throughout the United States via the Internet based e-commerce stores under the Store IDs.

51.     Defendants' Counterfeit Goods bearing, offered for sale, and sold using copies of at least one of the Chanel Marks are virtually identical in appearance to Chanel's genuine goods. However, Defendants' Counterfeit Goods are different in quality. Accordingly, Defendants'

activities are likely to cause confusion in the trade and among consumers as to at least the origin or sponsorship of their Counterfeit Goods.

52.     Defendants have used in connection with their advertisement, offer for sale, and sale of their Counterfeit Goods, false designations of origin and false descriptions and representations, including words or other symbols and designs, which tend to falsely describe or represent such goods and have caused such goods to enter into commerce in the United States with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to Chanel's detriment.

53.     Defendants have each authorized infringing uses of one or more of the Chanel Marks in Defendants' advertisement and promotion of their counterfeit and infringing branded goods. Some Defendants have also misrepresented to members of the consuming public that the Counterfeit Goods being advertised and sold by them are genuine, non-infringing goods.

54.     Defendants are simultaneously using counterfeits and infringements of one or more of the Chanel Marks to unfairly compete with Chanel and others for space within organic and paid search engine and social media results, thereby jointly (i) depriving Chanel of valuable marketing and educational space online which would otherwise be available to Chanel, and (ii) reducing the visibility of Chanel's genuine goods on the World Wide Web and across social media platforms.

55.     Defendants' above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

56.     Chanel has no adequate remedy at law and has sustained both individual and indivisible injury and damages caused by Defendants' concurrent conduct. Absent entry of an injunction by this Court, Chanel will continue to suffer irreparable injury to its goodwill and

business reputation, as well as monetary damages, while Defendants are earning a substantial profit.

### COUNT III - COMMON LAW UNFAIR COMPETITION

57.     Chanel hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 41 above.

58.     This is an action against Defendants based on their promotion, advertisement, distribution, sale, and/or offering for sale, of goods bearing and/or using marks that are virtually identical to one or more of the Chanel Marks in violation of Florida's common law of unfair competition.

59.     Specifically, Defendants are each promoting and otherwise advertising, selling, offering for sale, and distributing goods bearing and/or using counterfeits and infringements of one or more of the Chanel Marks. Defendants are also each using counterfeits and infringements of one or more of the Chanel Marks to unfairly compete with Chanel and others for (i) space in search engine and social media results across an array of search terms and (ii) visibility on the World Wide Web.

60.     Defendants' infringing activities are likely to cause and are causing confusion, mistake, and deception among consumers as to the origin and quality of Defendants' e-commerce stores and websites as a whole and all products sold therein by their use of the Chanel Marks.

61.     Chanel has no adequate remedy at law and is suffering irreparable injury and damages because of Defendants' concurrent actions, while Defendants are unjustly profiting from those actions.

## COUNT IV - COMMON LAW TRADEMARK INFRINGEMENT

62.     Chanel hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 41 above.

63.     Chanel is the owner of all common law rights in and to the Chanel Marks.

64.     This is an action for common law trademark infringement against Defendants based on their promotion, advertisement, offering for sale, and sale of their Counterfeit Goods bearing and/or using one or more of the Chanel Marks.

65.     Specifically, each Defendant is promoting and otherwise advertising, distributing, offering for sale, and selling goods bearing and/or using infringements of one or more of the Chanel Marks.

66.     Defendants' infringing activities are likely to cause and are causing confusion, mistake, and deception among consumers as to the origin and quality of Defendants' Counterfeit Goods bearing and/or using the Chanel Marks.

67.     Chanel has no adequate remedy at law and is suffering damages and irreparable injury because of Defendants' concurrent actions, while Defendants are unjustly profiting from those actions.

## PRAYER FOR RELIEF

68.     WHEREFORE, Chanel demands judgment on all Counts of this Complaint and an award of equitable relief and monetary relief against Defendants as follows:

a.     Entry of a permanent injunction pursuant to 15 U.S.C. § 1116, 28 U.S.C. § 1651(a), The All Writs Act, and Federal Rule of Civil Procedure 65 enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or

promoting, distributing, selling, or offering to sell their Counterfeit Goods; from infringing, counterfeiting, or diluting the Chanel Marks; from using the Chanel Marks, or any mark or design similar thereto, or Chanel's unique, proprietary product model numbers, in connection with the sale of any unauthorized goods; from using any logo, trade name or trademark, or design that may be calculated to falsely advertise the services or goods of Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with Chanel; from falsely representing themselves as being connected with Chanel, through sponsorship or association, or engaging in any act that is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendants are in any way endorsed by, approved by, and/or associated with Chanel; from using any reproduction, counterfeit, infringement, copy, or colorable imitation of the Chanel Marks or Chanel's unique, proprietary product model numbers in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants; from affixing, applying, annexing, or using in connection with the sale of any goods a false description or representation, including words or other symbols tending to falsely describe or represent Defendants' goods as being those of Chanel, or in any way endorsed by Chanel, and from offering such goods in commerce; from engaging in search engine optimization strategies using colorable imitations of Chanel's name or trademarks; and from otherwise unfairly competing with Chanel.

b. Entry of a permanent injunction pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, enjoining Defendants and all third parties with actual notice of an injunction issued by the Court from participating in, including providing financial services, technical services, or other support to, Defendants in connection with the sale and

distribution of non-genuine goods bearing and/or using counterfeits and/or infringements of the Chanel Marks.

   c. Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, authorizing Chanel to serve an injunction issued by the Court on any e-mail service provider with a request that the service provider permanently suspend the e-mail addresses which are or have been used by Defendants in connection with Defendants' promotion, offering for sale, and/or sale of goods bearing and/or using counterfeits and/or infringements of the Chanel Marks.

   d. Entry of an order requiring, upon Chanel's request, Defendants to request in writing permanent termination of any Store IDs, usernames, and social media accounts they own, operate, or control on any e-commerce or social media platform.

   e. Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority that, upon Chanel's request, the applicable administrators for the Store IDs which are provided with notice of an injunction issued by the Court, disable and/or cease facilitating access to the Store IDs and any other alias e-commerce stores, usernames, store identification numbers, seller identification names, social media accounts, and private messaging accounts, being used and/or controlled by Defendants to engage in the business of marketing, offering to sell, and/or selling goods bearing and/or using counterfeits and infringements of the Chanel Marks.

   f. Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority that, upon Chanel's request, any administrators for the Store IDs who are provided with notice of an injunction issued by the Court, identify any e-mail address known to be associated with Defendants' respective Store IDs.

g.      Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority that, upon Chanel's request, any marketplace administrators who are provided with notice of an injunction issued by the Court shall permanently remove any and all listings and associated images of goods bearing and/or using counterfeits and/or infringements of the Chanel Marks via the e-commerce stores operating under the Store IDs, including but not limited to the listings and associated images identified by the infringing product numbers on Schedule "A" and, upon Chanel's request, any other listings and images of goods bearing and/or using counterfeits and/or infringements of the Chanel Marks associated with or linked to the same sellers or linked to any other alias e-commerce stores, usernames, store identification numbers, seller identification names being used and/or controlled by Defendants to promote, offer for sale and/or sell goods bearing and/or using counterfeits and/or infringements of the Chanel Marks.

h.      Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, Federal Rule of Civil Procedure 65, and this Court's inherent authority that, upon Chanel's request, Defendants and any marketplace administrators of the Store IDs who are provided with notice of an injunction issued by the Court, immediately cease fulfillment of and sequester all goods of each Defendant bearing one or more of the Chanel Marks in its inventory, possession, custody, or control, and surrender those goods to Chanel.

i.      Entry of an order requiring Defendants to account to and pay Chanel for all profits and damages resulting from Defendants' trademark counterfeiting and infringing and unfairly competitive activities and that the award to Chanel be trebled, as provided for under 15 U.S.C. § 1117, or that Chanel be awarded statutory damages from each Defendant in the amount of two million dollars ($2,000,000.00) per each counterfeit trademark used and product type offered for sale or sold, as provided by 15 U.S.C. § 1117(c)(2) of the Lanham Act.

j.      Entry of an award pursuant to 15 U.S.C. § 1117 (a) and (b) of Chanel's costs and reasonable attorneys' fees and investigative fees associated with bringing this action.

k.      Entry of an order pursuant to 15 U.S.C. § 1116, 28 U.S.C. § 1651(a), The All Writs Act, Federal Rule of Civil Procedure 65, and the Court's inherent authority that, upon Chanel's request, Defendants and any financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, and their related companies and affiliates, identify, restrain, and surrender to Chanel all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-accounts used in connection with the Store IDs including all related e-commerce stores, store identification numbers, seller identification names, or usernames used by Defendants presently or in the future, as well as any other related Store IDs and accounts of the same customer(s), and any other accounts which transfer funds into the same financial institution account(s), and remain restrained until such funds are surrendered to Chanel in partial satisfaction of the monetary judgment entered herein.

l.      Entry of an award of pre-judgment interest on the judgment amount.

m.      Entry of an order requiring Defendants, at Chanel's request, to pay the cost necessary to correct any erroneous impression the consuming public may have received or derived concerning the nature, characteristics, or qualities of Defendants' products, including without limitation, the placement of corrective advertising and providing written notice to the public.

n.      Entry of an order for any further relief as the Court may deem just and proper.

DATED: February 23, 2024.          Respectfully submitted,
                                   STEPHEN M. GAFFIGAN, P.A.

                                   By: **Stephen M. Gaffigan**
                                   Stephen M. Gaffigan (Fla. Bar No. 025844)
                                   Virgilio Gigante (Fla. Bar No. 082635)
                                   T. Raquel Wiborg-Rodriguez (Fla. Bar No. 103372)

Christine Ann Daley (Fla. Bar No. 98482)
401 East Las Olas Blvd., #130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819
E-mail: Stephen@smgpa.cloud
E-mail: Leo@smgpa.cloud
E-mail: Raquel@smgpa.cloud
E-mail: christine@smgpa.cloud

Attorneys for Plaintiff, Chanel, Inc.

### SCHEDULE "A"
### DEFENDANTS BY NUMBER, DHGATE.COM STORE ID, AND
### INFRINGING PRODUCT NUMBER

| Defendant Number | Defendant / Store ID | Infringing Product Number |
|---|---|---|
| 1 | 21468399 | 940175829 |
| 2 | 21885702 | 919388126 |
| 3 | 21815099 | 927416969 |
| 4 | 21933627 | 933479834 |
| 5 | 21750241 | 933154115 |
| 6 | 21944578 | 930671808 |
| 7 | 21844500 | 855458118 |
| 8 | 21855691 | 930953758 |
| 9 | 21860802 | 887840136 |
| 10 | 21844668 | 849632191 |
| 11 | 21924270 | 922034797 |
| 12 | 21924269 | 922034538 |
| 13 | 21942347 | 931269399 |
| 14 | 21635113 | 772239414 |
| 15 | 21946616 | 937662329 |
| 16 | 21674477 | 866882194 |
| 17 | 21819060 | 933891992 |
| 18 | 21844504 | 854794903 |
| 19 | 21946238 | 939134764 |
| 20 | 21927535 | 919198072 |
| 21 | 21921846 | 920265529 |
| 22 | 21866122 | 858382726 |
| 23 | 21934431 | 925320694 |
| 24 | 21932953 | 922310502 |
| 25 | 21888718 | 918360404 |
| 26 | 21906116 | 917561086 |
| 27 | 21931275 | 926822325 |
| 28 | 21931328 | 926960779 |
| 29 | 21931331 | 926995487 |
| 30 | 21844674 | 926275589 |
| 31 | 21750696 | 933154128 |
| 32 | 21937296 | 929345220 |
| 33 | 21935279 | 937436827 |
| 34 | 21897014 | 923674162 |
| 35 | 21944182 | 930028480 |
| 36 | 21911771 | 919124996 |
| 37 | 21911773 | 919143997 |

| 38 | 21911777 | 919139260 |
| 39 | 21929857 | 922035270 |
| 40 | 21912416 | 898231322 |
| 41 | 21819197 | 931255816 |
| 42 | 13924555 | 910099708 |
| 43 | 21917367 | 937985764 |
| 44 | 21929859 | 922035317 |
| 45 | 21800522 | 927559391 |
| 46 | 21934020 | 922382419 |
| 47 | 21903146 | 917550371 |
| 48 | 21920927 | 917065785 |
| 49 | 21903998 | 920432770 |
| 50 | 21898896 | 931831697 |
| 51 | 21898911 | 931814442 |
| 52 | 21898913 | 931821818 |
| 53 | 21949846 | 940282999 |
| 54 | 21884082 | 882137509 |
| 55 | 13823543 | 862856851 |
| 56 | 21692985 | 918360429 |
| 57 | 21923517 | 921185271 |
| 58 | 21873312 | 861749140 |
| 59 | 21860803 | 922506288 |
| 60 | 21917694 | 905802125 |
| 61 | 21100262 | 880823089 |
| 62 | 21634721 | 861211490 |
| 63 | 21281735 | 862873721 |
| 64 | 21743303 | 897959585 |
| 65 | 21908402 | 938333280 |
| 66 | 21954877 | 942347346 |
| 67 | 21921784 | 923813194 |
| 68 | 21944803 | 930809548 |
| 69 | 21943754 | 935908127 |
| 70 | 21943756 | 936403273 |
| 71 | 21810339 | 801734019 |
| 72 | 21820478 | 937095001 |
| 73 | 21889205 | 866863007 |
| 74 | 21902793 | 883661098 |
| 75 | 21885395 | 868758904 |
| 76 | 21912514 | 914656712 |
| 77 | 21875287 | 919546186 |
| 78 | 21887093 | 910052767 |
| 79 | 21941268 | 927483139 |
| 80 | 21931397 | 931022183 |

| 81 | 21906401 | 896034668 |
| 82 | 21931068 | 919376613 |
| 83 | 21844663 | 854804650 |
| 84 | 21953731 | 940930593 |
| 85 | 21940977 | 926918726 |
| 86 | 21941149 | 939619608 |
| 87 | 21905522 | 889025067 |
| 88 | 21930663 | 927115719 |
| 89 | 21934109 | 939263295 |
| 90 | 21925249 | 932725846 |
| 91 | 21819667 | 931106377 |
| 92 | 21904690 | 918785171 |
| 93 | 19890418 | 653002538 |
| 94 | 21921737 | 923801992 |
| 95 | 21800663 | 926931422 |
| 96 | 21226206 | 923275365 |
| 97 | 21911378 | 938549501 |
| 98 | 21851312 | 922437176 |
| 99 | 21915556 | 937927654 |
| 100 | 21915309 | 933605050 |
| 101 | 21943785 | 936893622 |
| 102 | 21937360 | 938272783 |